UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VALADEZ, SR.,, | No. 2:13-cv-1532 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. GILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the instant case, plaintiff wants counsel so that he can have an attorney present when he is deposed by defendants' attorney. ECF No. 29. Plaintiff states that he will not be comfortable without counsel because he is on psychotropic medication and is "not stable mind [sic]." He seeks either to have counsel appointed or to have his case "postpone[d]" until his release. Plaintiff has a reasonable chance of succeeding on his allegations but, beyond that, the court is unable to evaluate the likelihood of success on the merits at this stage of the case. Plaintiff's claims of the use of excessive force by different West Sacramento police officers on two separate occasions appear to be straightforward. Thus, the legal issues do not appear to be complex. Being prescribed psychotropic medication is not an exceptional circumstance for an inmate.

Plaintiff has brought this action and is obligated to litigate it. Defendants are entitled to discovery, including by way of deposing plaintiff. If plaintiff believes he has a sound basis to seek a stay of proceedings he may bring an appropriate and well-supported motion. If he no longer wishes to proceed in this action, he is free to dismiss it.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 29) is denied.

DATED: April 3, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE