UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VALADEZ, SR.,<br><br>    Plaintiff,<br><br>  v.<br><br>D. GILL, et al.,<br><br>    Defendants. | No. 2:13-1532 KJM AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

By order filed December 3, 2013, the court directed the United States Marshal to serve process upon the five defendants in this case, West Sacramento Police Officers: D. Gill, C. Wright, Martin Flatly, Lieutenant Victoria Steven and Sergeant J. Winger. ECF No. 16. The Marshal was directed to attempt to secure waivers of service before attempting personal services on defendants. If waivers of service were not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1

On February 27, 2014, the United States Marshal filed a return of service with five USM-285 forms showing a $65 personal service fee for each of the defendants with a $2.80 total mileage charge added to one defendant's costs, that of Officer Gill. The forms show that a waiver of service form was mailed to each defendant on December 9, 2013 at the address for the West Sacramento Police Department. When, after 60 days, each waiver was evidently not returned, the U.S. Marshal's Office assigned personal service for every defendant, which service was executed upon each on February 26, 2014.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.

Fed. R. Civ. P. 4(d)(1).

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendants were given the opportunity required by Rule 4(d) to waive service and failed to comply with the request. Accordingly, defendants will be ordered to pay service expenses. The U.S.M. 285 forms indicate that each defendant was served simultaneously on February 26, 2014 at 2:45 p.m. Pursuant to 28 U.S.C. § 0.144(a):

> The United States Marshals Service shall routinely collect fees . . . (3) For process served or executed personally--$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses. For each additional U.S. Marshals Service employee, agent, or contractor who is needed to serve process--$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.

A mileage charge of $2.80 is apportioned to the lead (or first named) defendant only which is appropriate under the circumstances. The total sum to cover the cost of personal service upon defendant D. Gill is $ 67.80, the remaining defendants are to pay $65.00 each (total costs of personal service to be reimbursed to the Marshal is $327.80).

<u>Defendant Wright</u>

A review of the court's docket reveals that only four of the five defendants have answered the complaint. Defendant C. Wright, personally served on February 26, 2014, has failed to respond to the complaint, pursuant to Fed. R. 12(a)(1)(A), within 21 days of service of the summons and complaint. Therefore, defendant Wright must show cause within fourteen days why he/she should not be found to be in default and judgment entered in plaintiff's favor against him/her.

Accordingly, IT IS ORDERED that:

1. Within fourteen days from the date of this order defendant Officer D. Gill shall pay to the United States Marshal the sum of $67.80, and defendants C. Wright, Martin Flatly, Lt. Victoria Steven and Sgt. J. Winger are to pay $65.00 each (total for all defendants = $327.80) unless within that time defendants file a written statement showing good cause for their failure to waive service. The court does not intend to extend this fourteen-day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

3. Defendant C. Wright must, in addition, within fourteen days, show cause why he/she should not be found in default and judgment entered against him/her.

DATED: April 14, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3