UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VALADEZ, SR., | No. 2:13-cv-1532 KJM AC P |
| Plaintiff, | |
| v. | ORDER & |
| D. GILL, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Plaintiff has once again moved to "continue" his case or alternatively for appointment of counsel.[1]

As plaintiff has been previously informed, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's

---

[1] The instant motion was filed the same day as the court's order of April 3, 2014 it.

1

1  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
2  light of the complexity of the legal issues involved.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th
3  Cir. (9th Cir. 2009) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986));
4  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners,
5  such as lack of legal education and limited law library access, do not establish exceptional
6  circumstances that would warrant a request for voluntary assistance of counsel.

7        The court has found that the instant complaint states a cognizable claim for relief on
8  plaintiff's claims of the use of excessive force by defendant West Sacramento Police Officers on
9  two separate occasions.  In the denial of plaintiff's prior request for appointment of counsel, see
10 order filed on April 3, 2014, the undersigned noted that while it appeared that plaintiff had a
11 reasonable chance of succeeding on his claims, the court was not able to evaluate his likelihood of
12 success on the merits at this point.  It was also noted that the legal issues did not appear to be
13 complex.  Plaintiff's desire to have counsel while being deposed did not warrant appointment of
14 counsel.  Plaintiff's reference to being on psychotropic medication was found not to constitute an
15 exceptional circumstance for an inmate.  In his present request, plaintiff also states that he is deaf
16 in his left ear.  Such an infirmity does not constitute an exceptional circumstance.  Plaintiff's
17 repeated request for appointment of counsel does not meet his burden to demonstrate exceptional
18 circumstances.

19       Plaintiff sought in the alternative to have his case "postponed."  Plaintiff has been
20 informed that having brought this action, he is obligated to litigate it, and that defendants are
21 entitled to discovery including the taking of plaintiff's deposition.  See Order at ECF No. 30.  He
22 has been told that he may bring a motion for a stay should he believe he had a sound basis to seek
23 a stay of proceedings.  However, plaintiff's request for a stay of his case until he is released from
24 prison is unavailing.  Plaintiff remains free to dismiss his case should he no longer wish to
25 proceed.  In the instant motion, plaintiff's main concern still appears to be his scheduled May 21,
26 2014 deposition.[2]  Plaintiff claims he is impeded from proceeding on this case by the fact of his

---

[2] Plaintiff has filed a copy of a letter directed to his appointed appellate counsel referencing the upcoming deposition in the instant unrelated case.  ECF No. 33.

incarceration. See Motion, ECF No. 31. Plaintiff's imprisonment, however, is not a sufficient basis for a stay of any kind in this case, particularly an open-ended stay. Although the district court does have the inherent power to impose a stay in order to control its own docket, Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983), the present circumstances do not warrant such action.[3] Accordingly, the undersigned will recommend denial of plaintiff's request for a stay.

IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 31) is denied.

Further, IT IS RECOMMENDED that plaintiff's motion for a stay of proceedings in the instant case (ECF No. 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] A stay of an action may be appropriate and efficient "pending resolution of independent proceedings which bear upon the case." Id. (internal quotation marks/citation omitted).