UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VALADEZ, SR., | No.  2:13-cv-1532 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. GILL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a request to continue his deposition.  ECF No. 48.  Plaintiff states that he needs to contact his criminal appellate attorney before being deposed.  Id.  He believes that while the appeal in his criminal conviction is pending, he needs get the "ok" from his appointed appellate counsel before he answers or signs anything.  Id.

This case was initiated by plaintiff on July 29, 2013.  ECF No. 1.  A Discovery and Scheduling Order, filed on March 14, 2014, set forth August 15, 2014 as the discovery deadline.  ECF No. 28.  Plaintiff's motion for appointment of counsel so that he could have counsel present for his deposition was denied.  See Order, ECF No. 30.  Plaintiff has been previously reminded that he has brought this case and is obliged to litigate it.  Id.  In addition, by Order filed on May 28, 2014, Judge Mueller denied plaintiff's prior motion for a stay of these proceedings.  ECF No. 42 (adopting findings and recommendations, ECF No. 35, filed on April 15, 2014).  Plaintiff does

1

not specify how being deposed in a civil action he has initiated could compromise his criminal appeal. Plaintiff's belated request for his deposition to be continued, made long after the discovery deadline, is not made for good cause and will be denied.

Latest Request for Appointment of Counsel

Plaintiff has repeatedly sought appointment of counsel in this matter. See ECF Nos. 5, 29, 31. When plaintiff brought an untimely request for reconsideration of two requests for appointment of counsel that had been denied by the undersigned, the district judge denied reconsideration by Order filed on July 21, 2014. ECF No. 47. Nevertheless, once again, plaintiff seeks appointed counsel.

As plaintiff has been informed on several occasions, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks counsel, stating that he is an "American with a disability," has some mobility impairment, and is placed in the CCCMS level of mental health care.[1] Plaintiff has

---

[1] "The CCCMS level of care is for inmates whose symptoms are under control or in partial remission and can function in the general prison population, administrative segregation, or segregated housing units." Coleman v. Schwarzenegger, 922 F. Supp. 2d 882, 903 n. 24 (E.D. Cal. 2009)

previously been informed that his desire to have counsel for his deposition and the fact that he takes psychotropic medication are not exceptional circumstances warranting appointment of counsel.  ECF No. 30; see also, Order at ECF No. 35 at 2.  Nor does deafness in plaintiff's left ear require appointment of counsel.  ECF No. 35.  Plaintiff's mobility impairment and CCCMS placement reflect challenges to which the court is not insensitive, but pro se inmates frequently have to deal with challenges of this nature in prosecuting their prisoner civil rights actions.

The court has found that the instant complaint states a cognizable claim for relief as to plaintiff's claims of the use of excessive force on two occasions by defendants who are West Sacramento Police Officers.  The court has also previously noted that while it appeared that plaintiff had a reasonable chance of succeeding on his claims, the undersigned was unable to evaluate his likelihood of success on the merits at this point.  See ECF Nos. 30, 35.  It has also been observed by this court that the legal issues do not appear to be complex.  Id.  The circumstances relevant to these factors have not changed, and do not support the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 26, 2014 requests to continue his deposition and for the appointment of counsel (ECF No. 48) are denied.

DATED: October 6, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3