UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VALADEZ, SR., <br><br> Plaintiff, <br><br> v. <br><br> D. GILL, et al., <br><br> Defendants. | No. 2:13-cv-1532 KJM AC P <br><br><br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.  The court here addresses several outstanding matters/

<u>Defendant Wright's Response to Order to Show Cause</u>

On April 15, 2014 the court ordered defendant C. Wright to show cause why he or she should not be found to be in default for not having responded to the complaint, pursuant to Fed. R. 12(a)(1)(A), within twenty-one days of service of the summons and complaint.  Defendant Wright thereafter filed an answer on April 29, 2014 but failed to show cause for the delayed responsive pleading.  Defendant Wright was again directed to show cause for the tardy filing of his answer.  <u>See</u> <u>Order</u> filed on May 14, 2014.  In a reply filed on May 21, 2014, defendant Wright demonstrated cause for the delayed response.  The court finds the show cause order discharged.

////

1        Plaintiff's Additional Requests for Appointment of Counsel

2        In a Discovery and Scheduling Order (DSO) filed on March 14, 2014, the discovery
3   deadline was set as August 15, 2014 and the pretrial dispositive motion deadline was set a
4   November 21, 2014.  ECF No. 28.  On May 28, 2014, plaintiff's motion for a stay of proceedings
5   was denied.  See ECF No. 42 (Order adopting Findings and Recommendations, ECF No. 35).
6   By order filed on July 21, 2014, plaintiff's request for reconsideration of orders denying him
7   appointment of counsel was denied as untimely.  ECF No. 47.  Plaintiff made a request to
8   continue his deposition and another request for appointment of counsel on September 26, 2014,
9   which were denied by order filed on October 6, 2014.  ECF No. 49.

10       In that order, the court informed plaintiff once again that the United States Supreme Court
11  has ruled that district courts lack authority to require counsel to represent indigent prisoners in §
12  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
13  exceptional circumstances, the district court may request the voluntary assistance of counsel
14  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
15  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional
16  circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and
17  the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal
18  issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse
19  discretion in declining to appoint counsel); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.
20  1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most
21  prisoners, such as lack of legal education and limited law library access, do not establish
22  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

23       In denying plaintiff's repeated request for appointment of counsel, the court stated:

> Plaintiff seeks counsel, stating that he is an "American with a disability," has some mobility impairment, and is placed in the CCCMS level of mental health care. ["The CCCMS level of care is for inmates whose symptoms are under control or in partial remission and can function in the general prison population, administrative segregation, or segregated housing units." Coleman v. Schwarzenegger, 922 F. Supp. 2d 882, 903 n. 24 (E.D. Cal. 2009)]  Plaintiff has previously been informed that his desire to have counsel for his deposition and the fact that he takes

>psychotropic medication are not exceptional circumstances warranting appointment of counsel. ECF No. 30; see also, Order at ECF No. 35 at 2. Nor does deafness in plaintiff's left ear require appointment of counsel. ECF No. 35. Plaintiff's mobility impairment and CCCMS placement reflect challenges to which the court is not insensitive, but pro se inmates frequently have to deal with challenges of this nature in prosecuting their prisoner civil rights actions.
>
>The court has found that the instant complaint states a cognizable claim for relief as to plaintiff's claims of the use of excessive force on two occasions by defendants who are West Sacramento Police Officers. The court has also previously noted that while it appeared that plaintiff had a reasonable chance of succeeding on his claims, the undersigned was unable to evaluate his likelihood of success on the merits at this point. See ECF Nos. 30, 35. It has also been observed by this court that the legal issues do not appear to be complex. Id. The circumstances relevant to these factors have not changed, and do not support the appointment of counsel.

ECF No. 49 at 2-3.

The circumstances presented in plaintiff's most recent requests for appointment of counsel appear to be the same as those previously considered. The requests are denied.

Plaintiff's Request Re: New Defendant

Included in one of his most recent requests for counsel, plaintiff refers in passing to his desire to add another West Sacramento police officer by the name of N. Barrio as a defendant. ECF No. 50 at 1. Plaintiff has provided no factual allegations implicating this individual in a violation of plaintiff's constitutional rights; he not made his request in the form of a motion for leave to amend; and he has not submitted a proposed amended complaint stating any claims against N. Barrio. To the extent plaintiff intended to seek leave to amend, the request is denied as inadequately supported.

Plaintiff's Request Re: Discovery

Plaintiff also makes a passing reference to wanting the police car video for trial, in order to show the defendants "d[e]spicable" behavior toward him. ECF No. 50 at 2. Evidence is not generally obtained by court order. If plaintiff wishes to obtain evidence from defendant(s), he must serve a request for production upon the defendant(s) pursuant to Fed. R. Civ. P. 34. If defendants' response to the Request for Production is inadequate, plaintiff may file a motion to compel production pursuant to Fed. R. Civ. P. 37.

<u>Amendment Of Discovery and Scheduling Order</u>

In order to afford plaintiff the opportunity to bring a properly supported motion to compel discovery and to accommodate the relatively recent appearance of defendant Wright in this action, the court will re-open discovery and extend the deadlines of the DSO as follows: the discovery deadline is hereby re-set for February 27, 2015.  The pretrial dispositive motion deadline is set for June 26, 2015.

Accordingly, IT IS ORDERED that:

1. Defendant Wright has discharged the show cause order at ECF No. 34, and renewed at ECF No. 40, by his response at ECF No. 41;

2. Plaintiff's renewed requests for appointment of counsel, ECF Nos. 50 and 51 are denied;

3. The deadlines set forth in the Discovery and Scheduling Order, ECF No. 28, are hereby vacated; and

4. The discovery deadline is hereby re-set for February 27, 2015.  The pretrial dispositive motion deadline is now set for June 26, 2015.

DATED: December 29, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE